IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL |
| | : | |
| | : | |
| | : | |
| WILLIAM FLORENCE | : | NO. 08-697-2 |

**OPINION AND ORDER**

**Slomsky, J.**                                                                                                                                                                             **April 3, 2009**

Before the Court is the Motion to Suppress Evidence seized from the Defendant William Florence ("Defendant") and his Ford Econoline van on October 23, 2008 by Agents of the Federal Bureau of Investigation ("Agents").[1] (Docket Nos. 47 and 59.) For the reasons set forth below, the Court denies the Motion.[2]

**I.   STATEMENT OF FACTS**[3]

F.B.I Agent Joseph Denahan was assigned to the squad that investigated, among other things, drug trafficking. (Suppression Hearing Transcript, March 25, 2009 ("Tr.") at 3-4.) He was assigned

---

[1] Subsequent to the March 25, 2009 hearing on the Motion to Suppress, Defendant Florence filed his own Pro Se Motion to Suppress (Docket No. 59). The Pro Se Motion does not raise any additional grounds for suppression of evidence not included in the first Motion to Suppress filed by his counsel (Docket No. 47). Accordingly, the Pro Se Motion is also denied.

[2] On November 18, 2008, Defendant Florence and Co-Defendant Terrence Savage were indicted on several counts of possession with intent to distribute PCP. Other offenses were included in the Indictment. (Docket No. 11.) Defendant Savage has not filed a Motion to Suppress.

[3] On March 25, 2009, the Court held a hearing on Defendant Florence's Motion to Suppress. The Government presented testimony from Special Agents Joseph Denahan and Robert Lockhart. Defendant Florence testified on his own behalf. The factual findings are based on the testimony of these witnesses.

to an investigation of trafficking in PCP in Philadelphia on September 30, October 16, and October 23, 2008. (Id. at 4.) On September 30, 2008, an individual cooperating with the F.B.I. ("Informant") purchased PCP from an individual identified as Terrence Savage ("Savage"). (Id. at 5-8.) Agent Denahan was part of the surveillance team on September 30, 2008. (Id.) He understood that Savage would be meeting with an unknown supplier to obtain PCP and that Savage would then bring the PCP back to the Informant. (Id.) In fact, on September 30, 2008, Savage did receive an order for PCP from the Informant, left the Informant to meet with supplier and then returned to the Informant with the PCP. (Id. at 6.)

On October 16, 2008, Savage made a second delivery of PCP to the Informant. (Id. at 8.) Similar to the events on September 30, 2008, Agents observed Savage meet with the Informant and then leave the area to meet with a person who was believed to be the supplier of the PCP. (Id. at 8-9.) Savage again obtained PCP and returned to the location where the Informant was located and gave the PCP to the Informant. (Id.)

On October 23, 2008, there was a third delivery of PCP to the Informant by Savage. (Id. at 9.) On that day, Agent Denahan coordinated the surveillance and the arrest of the unknown supplier. (Id.) Similar to the prior two exchanges, the Informant met with Savage and placed an order for PCP. Savage then left the area where the Informant was located and Agents followed him to a Wawa gas station located on Rising Sun Avenue. Agents observed Savage park his car next to Defendant Florence's vehicle in the Wawa parking lot. (Id. at 10.) Defendant Florence entered Savage's vehicle. (Id. at 11.) After several minutes, Defendant Florence exited the vehicle and went inside the Wawa. He then left the Wawa and pumped gas for his blue Ford Econoline. He entered his vehicle and departed the Wawa parking lot. (Id. at 12.) Agent Denahan followed Defendant

Florence, who drove to the 5900 block of Palmetto Street. (Id.) Defendant Florence left the vehicle and went inside a residence. (Id.) Defendant Florence remained in the residence for approximately five minutes after which Agents observed him exit the residence carrying a small bag.[4]

After leaving the residence, Defendant Florence drove back to an area approximately one block from the Wawa on Rising Sun Avenue. (Id. at 13.) Agents observed Defendant Florence cross the street with the bag in his hand and enter Savage's vehicle. (Id.) Defendant Florence handed the bag to Savage. (Id. at 14.) Defendant Florence returned to his vehicle and drove away. (Id.) Savage also drove away from the location of the exchange.

Agent Denahan continued to follow Defendant Florence with other Agents. While following Defendant Florence, Agent Denahan was informed on his cellphone by Case Agent James Crawley that Savage had been taken into custody and that PCP had been recovered from him. (Id. at 15.)

When Agent Denahan was notified by Agent Crawley of this information and that PCP had been delivered to the Informant, Agent Denahan still had Defendant Florence's vehicle in his sights. Defendant Florence parked his van near a school and was seen exiting the van with a large wad of currency in his hand. (Id. at 17.) When Florence began to put the money in his pocket, Agents converged on him and he was placed under arrest. (Id.) Agents then confiscated the currency, $2,780.[5] Agents also seized in plain view a cellphone observed on the passenger seat of the vehicle

---

[4] During his testimony, Defendant Florence denied carrying a bag from the Palmetto Street residence. He testified that he was carrying a white tissue which contained two Percocets– a prescription pain killer.

[5] Defendant Florence admits that he had $2,780 on his person at the time he was arrested. He testified that the money was not in his hand. (Id. at 39.) Defendant Florence admits that he received the money from Savage. He stated that it was a payment for "knock-off clothes" he had delivered to Savage, but not for PCP. (Id. at 46.)

3

within two feet of the location where Defendant Florence was arrested. (Id. at 17-18.)

F.B.I. Agent Robert Lockhart also participated in the surveillance of William Florence on October 23, 2008. He was familiar with the investigation regarding the two prior sales of narcotics made by Savage to the Informant. (Id. at 29-30.) Agent Lockhart arrived at the location where Defendant Florence was arrested after he was in custody. (Id.) Defendant Florence was transported from the scene and Agent Lockhart prepared to transport Defendant Florence's van back to an FBI facility because it was subject to seizure. (Id. at 30.) Agent Lockhart examined the van to make sure it was safe to move. (Id.) To ensure there was nothing dangerous in the van, he opened the back doors to inspect the interior of the vehicle. (Id. 31-32). When he opened the doors he observed in plain view a small glass bottle with a black cap that had a yellowish liquid inside.[6] (Id. at 32). Based upon his experience working drug investigations for over ten years in Washington, D.C., he concluded that the substance in the jar was likely to be PCP and he seized the jar. (Id.) (Government's Exhibit No. 1).

## II.    DISCUSSION

### A.    Motion to Suppress Standard

On a motion to suppress evidence obtained during a search and seizure, the movant bears the burden of establishing a violation of his rights under the Fourth Amendment by a preponderance of the evidence. See United States v. Johnson, 63 F.3d 242, 245 (3d Cir. 1995). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and

---

[6] Defendant Florence admitted that there was PCP in the vehicle and that he is a "user." (Id. at 49.) Defendant Florence testified that the PCP was not in plain view but rather taped to a side interior panel in the back of the vehicle. (Id.)

4

effects, against unreasonable searches and seizures." U.S. Const. Amend. IV.  Whether a search is reasonable will depend upon its nature and all of the circumstances surrounding it.  <u>United States v. Whitted</u>, 541 F.3d 480, 484 (3d Cir. 2008).  Generally, warrantless searches are presumed to be unreasonable and suppression of all evidence obtained from an unreasonable search is the appropriate remedy.  <u>See</u> <u>id.</u> (citing <u>Cady v. Dombrowski</u>, 413 U.S. 433, 439 (1973).  Here, the Government concedes that the Agents seized the evidence at issue during a warantless search.  The Government contends, however, that the seizure of the money from Defendant Florence and the cellphone and jar of PCP from the van fall squarely within exceptions to the warrant requirement.  Defendant Florence argues that these items were the product of a warrantless search and seizure that was unreasonable under the Fourth Amendment.

### B.	The $2,780

Defendant Florence argues that the $2,780 is inadmissible evidence because it was the fruit of a warrantless search.  The Court finds that the $2,780 is admissible as the product of a valid search incident to a lawful arrest.

Officers may perform a search of a detainee's person and the area within his immediate reach incident to a constitutionally permissible arrest in order to ensure their safety and to safeguard evidence.  <u>United States v. Robinson</u>, 414 U.S. 218, 235 (1973); <u>see also</u> <u>Virginia v. Moore</u>, 128 S. Ct 1598, 1607-08 (2008) (holding that search incident to lawful arrest is proper).  The primary inquiry for the Court to determine, therefore, is whether the arrest itself was lawful and based on probable cause.  <u>Id.</u>  Probable cause for a warrantless arrest exists when the agent has reasonable grounds to believe that an offense has been or is being committed.  <u>Id.</u>, <u>United States  v. Dorr</u>, 2006 U.S. Dist. LEXIS 69161 at *8-9 (E.D. Pa. Sept 26, 2006).

Here, the record establishes that the Agents had probable cause to arrest Defendant Florence on October 23, 2008. Agents knew Savage had sold PCP to their Informant on three occasions, including October 23, 2008. During the prior sales, Savage would meet with the Informant and then drive to his supplier to obtain the agreed upon amount of PCP. On October 23, 2008, Agents observed Savage meet with the Informant and then drive to a Wawa where he met Defendant Florence. Agents observed Defendant Florence enter Savage's vehicle, exit the vehicle and then drive to the 5900 block of Palmetto Street. Agents observed Defendant Florence leave a residence with a white bag in his hand. Agents then observed him return to the area of the Wawa and approach Savage's vehicle. Agent Denahan testified that he saw Defendant Florence pass the white bag to Savage.[7] Agents continued to follow Defendant Florence. Agents soon received confirmation that Savage had returned to the Informant with PCP and was arrested. Agents then observed Defendant Florence leaving his vehicle with a large sum of money in his hand. Defendant Florence admits that he had the $2,780 on his person at the time of his arrest. At this point, with knowledge of Savage's pattern of obtaining and selling PCP, knowledge that Savage needed to obtain PCP from his supplier, observation of the meeting between Defendant Florence and Savage at the Wawa, and following Defendant Florence to the Palmetto Street residence and seeing him leave with a white bag which he soon gave to Savage, combined with the knowledge that Savage then returned to the Informant and gave him the PCP, the Agents had probable cause to arrest Defendant Florence for distribution of narcotics.

Since Defendant's arrest was based on probable cause, the search of Defendant Florence

---

[7] Defendant Florence testified that he did not carry a white bag out of the Palmetto residence but rather the tissue filled with two Percocets he intended to give Savage.

incident to his arrest was lawful. Unlike a search under Terry v. Ohio, 392 U.S. 1 (1968)–requiring only reasonable suspicion– a search incident to an arrest based on probable cause is not limited to a frisk for weapons. The constitutionality of a search incident to arrest is justified as much by the need to preserve evidence as it is for officer safety. See Robinson, 414 U.S. at 234-35. As noted by the Supreme Court in Robinson, seizure of non-weapon evidence, such as money, is covered under this exception. Id. at 231 (internal quotations omitted). Consequently, the money taken from Defendant Florence's person at the time of his lawful arrest did not violate his Fourth Amendment rights and will not be suppressed.

      B.      **The Cellphone and PCP**

Defendant Florence next challenges the Government's right to use at trial the cellphone seized from the front seat of Defendant's van and the jar of PCP seized from the back of the van. The Government responds by arguing that the cellphone and PCP are admissible because (1) they were found during the search of a vehicle recently occupied by Defendant Florence prior to his arrest, (2) Agents had probable cause to search the vehicle and (3) Agents were permitted to make sure the van was not dangerous prior to transporting it and to conduct an inventory search.

      1.      <u>Search Incident to Arrest</u>

First, the cellphone and PCP were properly seized during the search of a recently occupied vehicle incident to arrest. In support of the lawfulness of the seizures, the Government cites New York v. Belton, 453 U.S. 454 (1981) and its progeny. In Belton, the Supreme Court expanded the scope of the search incident to arrest exception to the warrant requirement to include searches of vehicles occupied or recently occupied by a detainee at the time of the arrest. Id. at 460. The Court

reasoned "when a policeman has made a lawful arrest of the occupant of an automobile, he may, as a contemporaneous incident of the arrest, search the passenger compartment of that automobile." Id., 453 U.S. at 460.

As discussed above, Agents had probable cause to arrest Defendant Florence. He agreed during his testimony that he had just left the van before his arrest. Agent Denahan's testimony, which is not contradicted by Defendant, indicates that the cellphone was found on the front passenger seat of Defendant Florence's van in plain view following the arrest. Agent Lockhart also testified that the PCP was found in plain view in the back of the van.[8]

The fact that that Defendant Florence was outside of the vehicle and in custody at the time of the search does not overcome the lawfulness of the search of the van. "Belton governs even when an officer does not make contact until the person arrested has left the vehicle." Thorton v. United States, 541 U.S. 615 (2004); see also Government of the Virgin Islands v. Rasool, 657 F.2d 582, 586 (3d Cir. 1981) ("The fact that a defendant may have been handcuffed and removed from the immediate area prior to the search is immaterial.") Accordingly, courts have routinely upheld a search of a vehicle incident to an arrest where the detainee was a recent occupant of the vehicle. See, e.g., United States v. Franco, 981 F.2d 470, 473 (10th Cir. 1992); Grover v. Boyd, 182 F.3d 921 (7th Cir. 1999); United States v. Arango, 879 F.2d 1501, 1505 (7th Cir. 1989).[9] Agent Denahan testified

---

[8] Defendant Florence testified that the PCP was taped to a side compartment in his van and was not in plain view. This distinction is irrelevant, however, because under Belton, Agents making a lawful arrest may search the car and the passenger compartments. See Belton, 453 U.S. at 460.

[9] The Third Circuit has not directly addressed this issue but it has observed that the search of a vehicle incident to the arrest of a recent occupant is "another arrow" in the Government's "quiver" for arguing in favor of admission of evidence seized from a vehicle. United States v. Burton, 288 F.3d 91, 100 n.7 (3d Cir. 2002).

that the cellphone was recovered immediately after Agents arrested Defendant Florence and just minutes after he exited the van. The jar of PCP was recovered during an inspection search of the van. Therefore, the cellphone and jar of PCP are evidence that can be offered by the Government at trial.

        2        Probable Cause to Search the Van

Second, the cellphone and PCP are admissible evidence because police had probable cause to believe that contraband or evidence of criminal activity was located inside the van. The Fourth Amendment does not require police to obtain a warrant to search an automobile when they have probable cause to believe it contains contraband or evidence of criminal activity. United States v. Ross, 456 U.S. 798, 804-09 (1982); Burton, 288 F.3d at 100. As noted above, the Government had probable cause to arrest Defendant Florence. During the time the Agents observed Defendant Florence on October 23, 2009, and gained the requisite knowledge to meet the probable cause standard, Defendant Florence was primarily in his vehicle. Agents observed Defendant Florence exit and enter the van on several occasions and knew that the white bag and money were both in the van at one time. It was reasonable for the Agents to believe that Defendant Florence may have placed additional evidence in the van during the transaction with Savage. Accordingly, the Government had probable cause to believe that evidence of criminal activity would be found in the van. Their search of the van, which uncovered the cellphone and PCP, was lawful for this additional reason.

Under the automobile exception to the warrant requirement, the Government is permitted to conduct a warrantless search of the entire vehicle, including concealed compartments. Ross, 456

U.S. at 804-09.[10] Consequently, even though the Court finds that the jar with the PCP was in plain view as testified to by Agent Lockhart, the testimony of Defendant Florence that the jar was located in a side compartment would not defeat the lawfulness of the search of the van and seizure of the jar.

      3.      Inventory Search

Lastly, the Government argued at the hearing on the Motion to Suppress that the cellphone and PCP should be admissible as fruits of a valid inventory search which is part of the procedure involving the impoundment of Defendant Florence's vehicle. The Supreme Court has made clear that evidence discovered during a routine search of an impounded car does not violate the Fourth Amendment because such searches are necessary to ensure police safety, protect the owner's property and protect against claims of lost or stolen property. See South Dakota v. Opperman, 428 U.S. 364, 369 (1976) ("Applying the U.S. Const. Amend IV standard of reasonableness, even if an inventory is characterized as a search, the intrusion is constitutionally permissible.") Agent Denahan testified that he observed the cellphone on a seat in the van after arresting Defendant Florence and prior to seizing the van. The jar was discovered during a search of the van by the Agents to ensure that the van could be safely transported. These items were also part of the inventory of items discovered in the seized and impounded van. The Court finds that the need for safety and for an inventory of items located in the van also justified the seizure of the cellphone and jar of PCP. Therefore, the items seized from Defendant Florence's van are admissible for these reasons as well.

An appropriate order follows.

---

[10] It is also irrelevant that the PCP was discovered after Defendant had been arrested and was removed from the scene. Vehicle searches performed after exigent circumstances have lapsed are valid as long as law enforcement agents legitimately could have searched the vehicle at some point. See Michigan v. Thomas, 458 U.S. 259, 261 (1982).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL |
| | : | |
| | : | |
| | : | |
| WILLIAM FLORENCE | : | NO. 08-697-2 |

**ORDER**

**AND NOW**, this 3rd day of April 2009, upon consideration of the Motion to Suppress filed by Defendant William Florence's Counsel (Doc. No. 47), Defendant Florence's pro se Motion to Suppress (Doc. No. 59), the Government's Response (Doc. No. 49), the Hearing held on March 25, 2009, and for the reasons set forth in the Opinion of this Court dated April 3, 2009, it is hereby ORDERED that Defendant Florence's Motions to Suppress (Doc. Nos. 47 and 59) are DENIED.

/s/ Joel H. Slomsky, J.
JOEL H. SLOMSKY, J.

11